IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUELLA SMITH,<br>on behalf of plaintiff and a class,<br><br>    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, L.L.C.;<br><br>    Defendant. | Case No.: 15-cv-6551<br><br>Judge John Robert Blakey<br>Magistrate Judge Young B. Kim |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Luella Smith ("Ms. Smith" or "Plaintiff") has requested that this Court enter an order determining that this action may proceed as a class action against Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio" or "Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). This memorandum is submitted in support of that motion.

## I.  BACKGROUND

This case arises out of defendant's unlawful practice of sending consumers collection letters in Spanish, unaccompanied by an English version. The material in Spanish includes disclosures required by 15 U.S.C. §§1692e, 1692e(10) and 1692e(11).

Plaintiff alleges that defendant's practice of sending consumers collection letters in Spanish, unaccompanied by an English version, violates the FDCPA.

## II.  THE FAIR DEBT COLLECTION PRACTICES ACT

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading

1

statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the

> **universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

*Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008) held that

> **the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated.**

See *Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose"). Further, "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

The Seventh Circuit has long held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) (citations omitted) ("[I]n deciding whether ... a representation made in a dunning letter is misleading the court asks whether a

person of modest education and limited commercial savvy would be likely to be deceived."); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), held that the "test for determining whether a debt collector violated [the FDCPA] is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)."

Plaintiff need not prove intent, bad faith or negligence; "debt collectors whose conduct falls short of [the FDCPA's] requirements are liable irrespective of their intentions." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 805-806 (7th Cir. 2009). And pursuant to 15 U.S.C. §1692k, statutory damages are recoverable for violations regardless of whether the consumer proves actual damages – "[all] that is required is proof that the statute was violated, although even then it is within the district court's discretion to decide whether and if so how much to award, up to the $1,000 ceiling." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). *Accord*, *Quiroz v. Revenue Production Management, Inc.*, 252 F.R.D. 438, 444 (N.D.Ill. 2008); *Blarek v. Encore Receivable Management*, 244 F.R.D. 525, 528 (E.D.Wis. 2007).

### III. STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 1004-1005; 574 N.E.2d 760, 766 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of consumer protection.... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action – private suits or governmental actions – have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.**

The Second Circuit has noted that class actions allow for the aggregation of small claims held by many consumers. Denial of certification would lead to a situation where consumers holding a small claim would be less likely to pursue relief given the costs involved, to the benefit of businesses which, in violating the law, obtain a significant financial benefit from their actions without fear of meaningful litigation. *Ross v. Bank of America NA*, 524 F.3d 217 (2d Cir. 2008).

Congress expressly recognized the propriety of a class action under the FDCPA, by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and 1692k(b) class action cases. As a result, numerous FDCPA class actions have been certified – including many handled by counsel representing Plaintiff in this case, such as *Hale v. AFNI, Inc.* 264 F.R.D. 402 (N.D.Ill. 2009); *Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D.Tex. 2009); *Randolph v. Crown Asset Management LLC*, 254 F.R.D. 513 (N.D.Ill. 2008); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D.Ill. 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291 (N.D.Ill. 2007); *Hernandez v. Midland Credit Management, Inc.*, 236 F.R.D. 406 (N.D.Ill. 2006); *Lucas v. GC Services LP*, 226 F.R.D. 337 (N.D.Ind. 2005); *Carbajal v. Capital One FSB*, 219 F.R.D. 437 (N.D.Ill. 2004); *Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336 (N.D.Ill. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark LLC*, 198 F.R.D. 503 (N.D.Ill. 2001); *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46 (D.Conn. 2000); *Vines v. Sands*, 188 F.R.D. 302 (N.D.Ill. 1999); and *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D.Ill. 1999).

**IV.    THE PROPOSED CLASS SATISFIES FED.R.CIV.P. 23**

**A.    Rule 23(a)(1) – Numerosity**

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *Driver v. AppleIllinois LLC*, 265 F.R.D. 293, 300 (N.D.Ill. 2010) held that

> **plaintiffs are not required to specify the exact number of persons in the class; a properly-supported estimate is sufficient. See *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). A court may make common sense assumptions to determine class size. See *Hispanics United of DuPage Co. v.***

4

*Village of Addison, Illinois*, **160 F.R.D. 681, 688 (N.D.Ill. 1995)** (quotations and citations omitted).

*Perdue v. Individual Members of the Indiana Board of Bar Examiners*, 266 F.R.D. 215, 218 (S.D.Ind. 2010), noted that

> **the Seventh Circuit has not provided specific guidance about when a putative class is large enough to satisfy the numerosity requirement. However, in [*Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)], the court assumed that fourteen individuals would be insufficient... Similarly, in *Pruitt v. City of Chicago*, 472 F.3d 925, 926 (7th Cir. 2006), the court noted that "joinder of fewer than 40 workers... would be practical" so class certification was inappropriate.**

This is in line with the basic presumption that joinder of more than 40 persons is generally considered impractical. *Hale*, *supra*, 264 F.R.D. at 404-405 (N.D.Ill. 2009) (citing *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969)).

On information and belief, the class is so numerous that joinder of all members is not practicable. Exhibit A is a form document, with bar coded addresses and return addresses (required by the Postal Service to obtain a discount when 500 or more similar pieces of mail are sent at the same time).

    **B.**    **Rules 23(a)(2) and 23(b)(3) – Commonality and Predominance**

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

*Hale*, *supra*, 264 F.R.D. at 405, 407, held that

> **Commonality generally exists when the defendant has engaged in "standardized conduct" toward the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, [234 F.R.D. 648, (N.D. Ill. 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). ...**
>
> **Rule 23(b)(3)'s predominance requirement is typically satisfied where the central, common issue is whether the defendant's form letter violates the FDCPA. See *Quiroz v. Revenue Production Mgmt., Inc.*, 252 F.R.D. 438, 444 (N.D. Ill. 2008) (finding that predominance was satisfied where the common question was whether the defendant's form letter violated §1692e); see also *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 418-19 (N.D. Ill. 2007) (finding**

> that predominance was satisfied where class members received "very similar" letters, and the common legal issue was whether those letters violated the FDCPA); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005) (same).

More generally, *Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331, 334 (N.D. Ill. 1974) held that satisfaction of the predominance requirement of Fed.R.Civ.P. 23(b)(3) "normally turns on the answer to one basic question: is there an essential common factual link between all class members and the defendant for which the law provides a remedy?" *Accord*, *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 310 (N.D.Ill. 1995). See *Walker v. Calusa Investments, LLC*, 244 F.R.D. 502, 506-507 (S.D.Ind. 2007) (similar).

In this case, common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's practice violates the FDCPA.

The only individual issue is the identification of the members of the class, which is largely capable of ministerial determination from Defendant's records. Questions readily answerable from a defendant's files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) found that the commonality and predominance requirements were met even though there were individual questions of injury and damages; those questions could be answered "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank." *Accord*, *George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 347 (N.D.Ill. 2008) ("some factual variation among the class grievances will not defeat a class action.... so long as those individual issues are manageable through bifurcated hearings or some other mechanism that allows the common issues to be adjudicated together").

The Seventh Circuit has held that the need for "separate proceedings of some character ... to determine the entitlements of the individual class members to relief" should "not defeat class treatment of the question whether defendants violated [the law]." *Carnegie v. Household International, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). "Once that question is answered, if it is

answered in favor of the class, a global settlement... will be a natural and appropriate sequel. And if there is no settlement, that won't be the end of the world. Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues. Those solutions include (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class member concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." *Id.*

### C. Rule 23(a)(3) – Typicality

Fed.R.Civ.P. 23(a)(3) requires that the claims of a named plaintiff be typical of the claims of the class. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998), held that "[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." (Citation and internal quotation marks omitted.) *Accord*, *Driver*, *supra*, 265 F.R.D. at 304.

Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

### D. Rule 23(a)(4) – Adequacy of representation

The rule also requires that a named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) a plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) a plaintiff must not have interests antagonistic to those of the class. *Rosario*, *supra*, 963 F.2d at 1018. *Accord*, *Hale*, *supra*, 264 F.R.D. at 406.

Both of these considerations are satisfied here. Plaintiff understands the obligations of a class representative, and has retained experienced counsel – as is indicated by Exhibit B, which sets forth counsel's qualifications. Further, Ms. Smith and members of the class seek money damages as the result of defendant's unlawful collection practices, provided for by 15 U.S.C.

7

§1692k. Given the identity of claims between Plaintiff and members of the class, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

### E. Rule 23(b)(3) – Superiority

*Hale*, *supra*, 264 F.R.D. at 407, noted that "the Seventh Circuit has held that class actions are especially appropriate for resolving FDCPA claims. See *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880 (7th Cir. 2000); *Randolph*, [*supra*, 254 F.R.D. at 520]. Where, as here, the defendant has 'engaged in standardized conduct by sending form letters to many consumers, and each individual consumer's claim would likely be too small to vindicate through [**13] an individual suit,' a class action is the most efficient, effective way to proceed. *Quiroz*, [*supra*, 252 F.R.D. at 444]; see also *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)."

*Randolph* further held that "[a] class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually.... the Seventh Circuit has noted that although the FDCPA allows for individual recoveries, this assumes that the plaintiff is aware of his or her rights, willing to be subjected to litigation and able to find an attorney to take the case. *Mace*, [*supra*, 109 F.3d at 344]. 'These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.' *Id.*" *Randolph*, 254 F.R.D. at 520.

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor. The vast majority of debtors are undoubtedly unaware that their rights are being violated. In addition, individual actions are not economically feasible and congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## V. CONCLUSION

The proposed class meets the requirements of Fed.R.Civ.P. 23(a) and 23(b)(3). Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on July 29, 2015, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via process server upon the following:

Portfolio Recovery Associates, L.L.C.
C/o registered agent
Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL  62703

                                          s/ Daniel A. Edelman
                                          Daniel A. Edelman