**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LUELLA SMITH, ) | | |
| on behalf of herself and a class, ) | | |
| ) | Case No.: 15-cv-6551 | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Judge John Robert Blakey | |
| ) | Magistrate Judge Young B. Kim | |
| PORTFOLIO RECOVERY ) | | |
| ASSOCIATES, L.L.C.; ) | | |
| ) | | |
| Defendant. ) | | |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

1. Plaintiff Luella Smith brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, L.L.C. ("PRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection activities occurred in and impacted plaintiff in this District;

   b. Defendant does business in the District.

**PARTIES**

4. Plaintiff Luella Smith is an individual who resides in Chicago, Illinois.

5. PRA is a limited liability company organized under Delaware law with principal

offices at 120 Corporate Blvd., Norfolk, VA 23502. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. PRA claims to purchase defaulted consumer debts originally owed by others.

7. PRA uses the mails and telephone system in conducting its business.

8. PRA is a debt collector as defined in the FDCPA.

## FACTS

9. On or about May 27, 2015, PRA sent plaintiff the letter attached as Exhibit A, seeking to collect a debt incurred, if at all, for personal, family or household purposes and not for business purposes.

10. On information and belief, the debt predates February 4, 2002, when plaintiff obtained a discharge in a Chapter 7 bankruptcy, in case 01 B 37016 (, and thus was discharged.

11. Exhibit A is almost entirely in Spanish.

12. Plaintiff does not speak or read Spanish.

13. Plaintiff had not dealt with PRA or the original creditor in any language other than English, or indicated that she wished to receive communications in any language other than English.

14. The letter also contains the disclosure required by 15 U.S.C. §1692e(11) in Spanish.

15. A likely reaction of a non-Spanish-speaking individual who receives Exhibit A is to call PRA at the number indicated, which would subject the individual to dunning without providing any disclosure regarding the time-barred nature of the debt and the inability of PRA to report it to a credit bureau.

2

16. In fact, on June 16, 2015, plaintiff did call defendant in response to the letter and spoke to a collector named Francine.

17. Plaintiff told Francine that the debt might have been discharged in a bankruptcy. The collector requested that plaintiff make a payment that day.

18. Plaintiff also told Francine that she had received a letter in Spanish. Francine told plaintiff that she would have another letter sent in English.

19. Plaintiff never received a letter from defendant in English.

20. A Spanish-speaking individual who receives Exhibit A might attempt to consult an attorney, who may or may not be able to read Spanish.

21. Exhibit A offers a settlement of the debt.

22. The debt was time-barred and beyond the credit reporting period.

23. Because the letter offered a settlement of a time-barred debt beyond the credit reporting period, it was required to disclose those facts. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

24. The disclosure made is misleading even if understood, since it does not state that the law limits the time within which a lawsuit may be brought. *Pantoja v. Portfolio Recovery Associates, LLC*, No. 13 C 7667, 2015 WL 848568 (N.D. Ill., January 14, 2015), appeal pending.

25. Furthermore, the disclosure was in Spanish and incomprehensible to plaintiff.

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25.

27. English is the official language of the United States of America, and the states of Illinois, Indiana, and Wisconsin.

3

28. Consumers in the United States are entitled to receive debt collection letters in English in addition to any other language in which the debt collector chooses to send a letter.

29. PRA violated 15 U.S.C. §§1692e, 1692e(10) and 1692e(11) by sending a collection letter (a) containing required disclosures in a language other than English and (b) that is confusing and misleading simply by virtue of not being in English.

30. PRA also violated 15 U.S.C. §§1692e and 1692e(10) by attempting to collect a debt that was both time-barred and beyond the credit reporting period, without intelligible English disclosure of that fact.

31. On information and belief, PRA violated 15 U.S.C. §§1692e and 1692e(10) by attempting to collect a discharged debt.

32. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals with addresses in Indiana, Illinois or Wisconsin (b) to whom defendant sent a collection letter (c) in Spanish (d) without an English version (e) which notice was sent at any time on or after July 28, 2014 and on or before August 17, 2015.

35. On information and belief, the class is so numerous that joinder of all members is not practicable. Exhibit A is a form document, with bar coded addresses and return addresses (required by the Postal Service to obtain a discount when 500 or more similar pieces of mail are sent at the same time).

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's letter violates the FDCPA.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.  Statutory damages;

    ii.  Attorney's fees, litigation expenses and costs of suit;

    iii.  Such other and further relief as the Court deems proper.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                      s/Daniel A. Edelman
                                                      Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman  
Daniel A. Edelman