**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUELLA SMITH,<br>on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 1:15-cv-06551 |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, submits the following Answer to Plaintiff's First Amended Complaint ("Complaint").

PRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. PRA further states that its investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer. PRA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the numbered paragraphs in the Complaint, PRA states as follows:

**INTRODUCTION**

1. Plaintiff Luella Smith brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, L.L.C. ("PRA") Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et.seq. ("FDCPA").

ANSWER: Paragraph 1 of the Complaint contains a general description of the lawsuit to which no response is required. PRA denies all claims in the Complaint alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

ANSWER: Paragraph 2 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 2 are contrary to law, they are denied.

3. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection activities occurred in and impacted plaintiff in this District;

b. Defendant does business in the District

ANSWER: Paragraph 3, including subparagraphs (a)-(b), of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 3 are contrary to law, they are denied.

**PARTIES**

4. Plaintiff Luella Smith is an individual who resides in Chicago, Illinois.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5. PRA is a limited liability company organized under Delaware law with principal offices at 120 Corporate Blvd., Norfolk, VA 23502. It does business in Illinois. Its registered

agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

ANSWER: PRA states that it is a Delaware limited liability company with its headquarters in Virginia.

6. PRA claims to purchase defaulted consumer debts originally owed by others.

ANSWER: Paragraph 6 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 6 are contrary to law, they are denied.

7. PRA uses the mails and telephone system in conducting its business.

ANSWER: Paragraph 7 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 7 are contrary to law, they are denied.

8. PRA is a debt collector as defined in the FDCPA.

ANSWER Paragraph 8 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 8 are contrary to law, they are denied.

## FACTS

9. On or about May 27, 2015, PRA sent plaintiff the letter attached as Exhibit A, seeking to collect a debt incurred, if at all, for personal, family or household purposes and not for business purposes.

ANSWER: The allegations of paragraph 9 of the Complaint purport to summarize a document. To the extent that the allegations of paragraph 9 vary from the text of the document itself, they are denied.

10. On information and belief, the debt predates February 4, 2002, when plaintiff obtained a discharge in a Chapter 7 bankruptcy, in case 01 B 37016, and thus was discharged.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

11. Exhibit A is almost entirely in Spanish

ANSWER: The allegations of paragraph 11 of the Complaint purport to summarize a document. To the extent that the allegations of paragraph 11 vary from the text of the document itself, they are denied.

12. Plaintiff does not speak or read Spanish.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

13. Plaintiff had not dealt with PRA or the original creditor in any language other than English, or indicated that she wished to receive communications in any language other than English.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same.

14. The letter also contains the disclosure required by 15 U.S.C. §1692e(11) in Spanish.

ANSWER: The allegations of paragraph 14 of the Complaint purport to summarize a document. To the extent that the allegations of paragraph 14 vary from the text of the document itself, they are denied.

15. A likely reaction of a non-Spanish-speaking individual who receives Exhibit A is to call PRA at the number indicated, which would subject the individual to dunning without

providing any disclosure regarding the time-barred nature of the debt and the inability of PRA to report it to a credit bureau.

ANSWER: Paragraph 15 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 15 are contrary to law, they are denied.

16. In fact, on June 16, 2015, plaintiff did call defendant in response to the letter and spoke to a collector named Francine.

ANSWER: PRA admits that it received an incoming call from a "Customer" on June 16, 2015. PRA is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, denies the same.

17. Plaintiff told Francine that the debt might have been discharged in a bankruptcy. The collector requested that plaintiff make a payment that day.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18. Plaintiff also told Francine that she had received a letter in Spanish. Francine told plaintiff that she would have another letter sent in English.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19. Plaintiff never received a letter from defendant in English.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies the same.

20. A Spanish-speaking individual who receives Exhibit A might attempt to consult an attorney, who may or may not be able to read Spanish.

ANSWER: Paragraph 20 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 20 are contrary to law, they are denied.

21. Exhibit A offers a settlement of the debt.

ANSWER: The allegations of paragraph 21 of the Complaint purport to summarize a document. To the extent that the allegations of paragraph 21 vary from the text of the document itself, they are denied.

22. The debt was time-barred and beyond the credit reporting period.

ANSWER: Paragraph 22 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 22 are contrary to law, they are denied.

23. Because the letter offered a settlement of a time-barred debt beyond the credit reporting period, it was required to disclose those facts. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

ANSWER: Paragraph 23 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 23 are contrary to law, they are denied.

24. The disclosure made is misleading even if understood, since it does not state that the law limits the time within which a lawsuit may be brought. *Pantoja v. Portfolio Recovery Associates, LLC*, No. 13 C 7667, 2015 WL 848568 (N.D. Ill., January 14, 2015), appeal pending.

ANSWER: Paragraph 24 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 24 are contrary to law, they are denied.

25. Furthermore, the disclosure was in Spanish and incomprehensible to plaintiff.

ANSWER: Paragraph 25 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 25 are contrary to law, they are denied.

**COUNT I - FDCPA**

26. Plaintiff incorporates paragraphs 1-25.

ANSWER: In response to the allegations contained in paragraph 26 of the Complaint, PRA incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

27. English is the official language of the United States of America, and the states of Illinois, Indiana, and Wisconsin.

ANSWER: PRA denies the allegations contained in paragraph 27 of the Complaint.

28. Consumers in the United States are entitled to receive debt collection letters in English in addition to any other language in which the debt collector chooses to send a letter.

ANSWER: Paragraph 28 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 28 are contrary to law, they are denied.

29. PRA violated 15 U.S.C. §§1692e, 1692e(10) and 1692e(11) by sending a collection letter (a) containing required disclosures in a language other than English and (b) that is confusing and misleading simply by virtue of not being in English.

ANSWER: Paragraph 29 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 29 are contrary to law, they are denied.

30. PRA also violated 15 U.S.C. §§1692e and 1692e(10) by attempting to collect a debt that was both time-barred and beyond the credit reporting period, without intelligible English disclosure of that fact.

ANSWER: Paragraph 30 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 30 are contrary to law, they are denied.

31. On information and belief, PRA violated 15 U.S.C. §§1692e and 1692e(10) by attempting to collect a discharged debt.

ANSWER: Paragraph 31 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 31 are contrary to law, they are denied.

32. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

ANSWER: Paragraph 32 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 32 are contrary to law, they are denied.

**CLASS ALLEGATIONS**

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

ANSWER: In response to paragraph 33 of the Complaint, PRA admits that Plaintiff purports to bring this claim on behalf of a class. PRA denies that this matter may be properly maintained against PRA as a class action. Except as expressly admitted, PRA denies the allegations in paragraph 33.

34. The class consists of (a) all individuals with addresses in Indiana, Illinois or Wisconsin (b) to whom defendant sent a collection letter (c) in Spanish (d) without an English version (e) which notice was sent at any time on or after July 28, 2014 and on or before August 17, 2015.

ANSWER: In response to paragraph 34 of the Complaint, PRA admits that Plaintiff purports to bring this claim on behalf of a class. PRA further admits that Plaintiff purports to define the class as stated in paragraph 34 of the Complaint. PRA denies that this matter may be properly maintained against PRA as a class action. Except as expressly admitted, PRA denies the allegations in paragraph 34.

35. On information and belief, the class is so numerous that joinder of all members is not practicable. Exhibit A is a form document, with bar coded addresses and return addresses (required by the Postal Service to obtain a discount when 500 or more similar pieces of mail are sent at the same time).

ANSWER: Paragraph 35 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 35 are contrary to law, they are denied.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's letter violates the FDCPA.

ANSWER: Paragraph 36 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 36 are contrary to law, they are denied.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

ANSWER: Paragraph 37 of the Complaint states a legal conclusion that is not subject to denial or admission. To the extent that the allegations in paragraph 37 are contrary to law, they are denied.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

ANSWER: PRA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies the same.

39. A class action is superior for the fair and effiecient adjudication of this matter, in that:

a. Individual actions are not economicall feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

ANSWER: Paragraph 39 of the Complaint, including subparagraphs (a)-(c), state legal conclusions that are not subject to denial or admission. To the extent that the allegations in paragraph 39 are contrary to law, including subparagraphs (a)-(c), they are denied.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

i. Statutory damages;

ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as the Court deems proper.

ANSWER: PRA denies the allegations contained in the WHEREFORE clause immediately following paragraph 39 of the Complaint, including subparagraphs (i)-(iii).

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

2. Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, PRA acted in good faith and complied fully with the Fair Debt Collection Practices Act ("FDCPA").

3. Plaintiff's claims under the FDCPA fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff's claims fail to the extent that the means employed by PRA to collect the debts at issue were fair and conscionable.

5. Plaintiff's claims fail to the extent that Plaintiff's purported damages, which PRA continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

6. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

7. Plaintiff's claims for statutory damages are limited pursuant to the provisions of the FDCPA.

8. Plaintiff's claims fail to the extent that PRA's actions were authorized by the terms of the underlying agreement(s) creating the debt(s).

9. This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

10. Plaintiff cannot recover from PRA as a class action to the extent to which such class recovery would deprive PRA of its due process rights to assert individualized defenses to claims of class members.

11. Plaintiff cannot recover from PRA individually or as a class action for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

12. Plaintiff cannot recover from PRA under the Complaint to the extent that she has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

13. The Complaint is barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

14. Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

15. PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, requests that the Court enter an order: (1) dismissing with prejudice the Complaint; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such other and further relief as the Court may deem just and proper.

Dated: October 23, 2015

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By: /s/ Tyler S. Mertes

Tyler S. Mertes (Bar No. 6283522)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-5948
tyler.mertes@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis Richard Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/ Tyler S. Mertes
Tyler S. Mertes (Bar No. 6283522)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-5948
tyler.mertes@troutmansanders.com

27456978